Jeffrey D. ROBINSON, et al., Plaintiffs,

v.

Michael NUSSBAUM, Defendant.

No. Civ.A. 96–2243(HHG).

United States District Court,
District of Columbia.

July 24, 1997.

John Payton, Michael W. Carroll, Steven P. Finizio, Wilmer, Cutler & Pickering, Washington, DC, for Plaintiffs.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Bernard J. Nussbaum, Sonnenschein Nath & Rosenthal, Chicago, IL, for Defendant.

## MEMORANDUM and ORDER

HAROLD H. GREENE, District Judge.

This matter comes before the Court on defendant Michael Nussbaum's motion to dismiss Counts One, Two and Five of the plaintiffs' Amended Complaint and motion for summary judgment on Counts One through Seven of the Amended Complaint. The Court will deny both motions. It is clear that all of the Counts of plaintiffs' Amended Complaint raise genuine issues of material fact and thus summary judgment or dismissal is inappropriate at this time.

### I

As previously summarized in the Court's July 23, 1997 Opinion, this case arises out of the dissolution of the Washington, D.C. law firm of Nussbaum & Wald. Plaintiffs Jeffrey D. Robinson, Eric L. Lewis, Michael B. Waitzkin, Martin R. Baach, and James P. Davenport and defendant Michael Nussbaum all were general partners at Nussbaum & Wald. Plaintiffs filed a two count complaint on September 30, 1996. Initially, plaintiffs sought only declaratory relief. They did not demand a jury trial at that time. The defendant filed a counterclaim, which he amended on October 21, 1996. Plaintiffs subsequently amended their complaint as well. The Amended Complaint included actions for money damages for fraud, misrepresentation, breach of contract, wrongful dissolution, and breach of fiduciary duty.

### II

#### A.

### Motion to Dismiss

With respect to Counts One, Two, and Five, defendant has filed a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6). He argues that plaintiffs have not alleged facts that support their claim for declaratory relief in Count One and failed to allege with the requisite particularity the facts material to their fraud claims asserted in Counts Two and Five.

Count One of the Amended Complaint requests a declaration that plaintiff Jeffrey

Robinson was an equity partner in Nussbaum & Wald "no later than January 1, 1995." Count Two claims that Nussbaum induced Robinson to rejoin the firm in September of 1994 by promising him equity partner status. Finally, Count Five purports to state a claim for misrepresentation, alleging that defendant repeatedly represented to plaintiffs that he would cooperate in the adoption of a written partnership agreement.

The Court finds no reason to dismiss these Counts of the Amended Complaint. Nussbaum first argues that Count One fails to state a claim upon which relief can be granted because Robinson left the firm to enter government service in January of 1992 and the Amended Complaint contains no allegation that this offer of partnership remained open after his departure. The Court disagrees. Count One alleges that the partners of Nussbaum & Wald agreed that Jeffrey Robinson would rejoin the firm as an equity partner. It is clear that the factual allegations in the Amended Complaint provided the defendant with notice of plaintiffs' claim. This is sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Maljack Productions, Inc. v. Motion Picture Ass'n. of America*, 52 F.3d 373, 375 (D.C.Cir.1995) (citation and quotation omitted).

Defendant goes on to state that Count Two fails to make out a claim for fraud because it is internally inconsistent and lacks the requisite allegation of injury and damages. He attacks Count Five for the same reason, arguing that plaintiffs fail to particularize their allegations of fraud.

█ The Court concludes that plaintiffs have met their burden to plead fraud with the particularity required by FED.R.CIV.P. 9(b). Plaintiffs have alleged sufficient facts from which the Court may infer fraud. For instance, they allege that Nussbaum misrepresented to Robinson that he was an equity partner, that Nussbaum made these misrepresentations of a material fact with an intention to deceive, and that Robinson relied on these statements to his detriment. Thus, the Court is unable to say that there are no set of facts plaintiffs can prove which would entitle them to relief. *See In re Swine Flu Immunization Products Liability Litigation*, 880 F.2d 1439, 1442 (D.C.Cir.1989). That, of course, is enough to defeat a motion to dismiss.

## B.

### *Motion for Summary Judgment*

Defendant also has moved for summary judgment as to Counts One through Seven of the Amended Complaint. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). For purposes of summary judgment, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). In determining this, a court must draw all justifiable inferences in favor of the non-moving party. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law may the Court grant summary judgment. *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. 2505.

█ Assessing defendant's motion under this standard, the Court must conclude that defendant is not entitled to summary judgment on any count of the Amended Complaint. The Court will not address specifically the factual disputes that underlie each count because it is clear that each count raises a genuine issue of material fact which precludes an entry of summary judgment on that claim.

For example, defendant submits that he is entitled to summary judgment as to Count One because a memorandum dated January

10, 1995 conclusively refutes any contention that Jeffrey Robinson was an equity partner as of January 1995. He maintains that this memorandum evidences the unanimous agreement of *all* the partners that Robinson was not an equity partner. However it is obvious from the record that the facts regarding Robinson's status are intensely disputed. Plaintiffs all declare that it was their understanding that Robinson would be an equity partner, with the details of his status as a partner to be worked out later. Robinson claims, in fact, that Nussbaum affirmatively assured him that he was an equity partner with all the benefits and drawbacks of that position. Since "reasonable minds could differ as to the import of the evidence," the Court may not grant summary judgment. *Liberty Lobby*, 477 U.S. at 250–251, 106 S.Ct. 2505.

Similarly defendant is not entitled to summary judgment with respect to Count Three. He argues that the undisputed facts demonstrate that the partners had an ongoing agreement on shares of the firm's profits, assets and liabilities for 1994 that carried forward to 1995 and 1996 unless they were retroactively readjusted. He contends that he is entitled to a 36.8 percent share. Plaintiffs vigorously dispute that any carry-over agreement ever existed. They deny that the partners had *any* agreement, implicit or explicit, that applied to the shares for 1995 and 1996. Since no oral or written agreement governed the distribution of profits for those two years, they argue, these profits must be distributed equally among the equity partners. This factual dispute likewise precludes an entry of summary judgment in defendant's favor.[1]

Accordingly, it is this 24th day of July, 1997,

ORDERED that defendant's motion to dismiss Counts One, Two and Five of plaintiffs' Amended Complaint be and it is hereby DENIED; and it is further

ORDERED that defendant's motion for summary judgment on Counts One Through Seven of plaintiffs' Amended Complaint be and it is hereby DENIED.

---

1. The Court sees no need to delve into the factual disputes raised by each count of plaintiffs' Amended Complaint. It is obvious from the Court's discussion, *supra,* that genuine issues of material fact exist with respect to all of the remaining counts of plaintiffs' Amended Complaint, including Counts Four and Five which allege that the defendant prevented the adoption of a comprehensive partnership agreement despite his promises to negotiate in good faith, Count Six which asserts a cause of action for breach of fiduciary duty, and Count Seven which claims that defendant wrongfully dissolved the firm.